# EXHIBIT A

ystem Generated Hearing Date: 8/1/2022 9:30 AM
Location: Court Room 1501
Judge: Simon, John A.

Case: 1:22-cv-03709 Document #: 6-2 Filed: 07/22/22 Page 2 of 11 PageID #:80

18211948
* 5 0 1 7 9 1 7 2 *
FILED
6/8/2022 1:48 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
FIRST MUNICIPAL DISTRICT, CIVIL DIVISION

| | |
|---|---|
| ROBERT GOLDSMITH,<br><br>PLAINTIFF<br><br>v.<br><br>TRANSWORLD SYSTEMS, INC.,<br><br>DEFENDANT | Case No.: 20221111102<br><br>Amount Claimed: **Statutory and/or actual damages up to $15,000 plus reasonable fees and costs under statute.**<br><br>**JURY DEMAND** |

## COMPLAINT

Plaintiff, Robert Goldsmith, brings this action under the action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), and the Illinois Collection Agency Act, 225 ILCS 425/1 *et seq.* ("ICAA"), for a finding that Defendant's actions violated Plaintiff's legal rights, and to recover damages for Defendant's violations thereof, and alleges:

### NATURE OF THE CASE

1. The FDCPA is a broad, remedial statute that prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts.

2. In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of

1

individual privacy." 15 U.S.C. §1692(a).

3. To this end, the FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

4. Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct" and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F. Supp. 2d 1035, 1042 (N.D. Ill. 2008).

5. Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. § 1692 *et seq.*

6. "An action to enforce any liability created by [the FDCPA] may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). (emphasis added).

## JURISDICTION AND VENUE

7. Jurisdiction over Defendant is proper under 735 ILCS 5/2-209(a)(1) (transaction of any business within this State), section 2-209(b)(4) (corporation doing business within this State), and section 2-209(c) (any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States).

8. Defendant collects debts from consumers in Illinois and has a registered agent in Illinois.

9. Venue is proper in this County pursuant to 735 ILCS 5/2-101, because this is the county in which the transactions and occurrences at issue, or some part thereof, occurred. In addition, Defendant regularly does business in this County.

## PARTIES

10. Plaintiff, Robert Goldsmith ("Mr. Goldsmith" or "Plaintiff") is a resident of the State of Illinois, from whom the Defendant attempted to collect a delinquent consumer debt it alleged had been owed to Commonwealth Edison. Plaintiff is thus a consumer as that term is defined by 15 U.S.C. § 1692a(3) of the FDCPA.

11. Defendant, Transworld Systems, Inc. ("TSI") is a collection agency that operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois, and is licensed to operate in the state of Illinois.

12. Defendant TSI acts as a debt collector as defined by § 1692a(6) of the FDCPA because it uses the instrumentalities of interstate commerce including the telephone and/or the mails in its business, the principal purpose of which is the collection of defaulted consumer debts.

13. Defendant TSI also acts as a debt collector as defined by § 1692a(6) of the FDCPA as it regularly attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

## FACTUAL ALLEGATIONS

14. According to Defendant, Plaintiff incurred a debt, originally to Commonwealth Edison (the "Account").

15. The alleged Account is a "debt" as that term is defined by § 1692a(5) of the FDCPA.

16. Defendant claims that Plaintiff failed to make payments and the alleged account was charged off by the original creditor.

17. Defendant claims that the original creditor sold, transferred or assigned the alleged debt to it for collections.

18. Defendant subsequently began efforts to collect the Account.

19. On April 5, 2022, Plaintiff sent a letter to TSI instructing TSI that it should cease contact with him. (Exhibit A).

20. The Defendant received Plaintiff's dispute shortly thereafter.

21. Despite knowing that Plaintiff demanded it cease contact, it continued contact with Plaintiff.

22. Defendant called Plaintiff on his mobile phone in an attempt to collect a debt on, but not limited to April 18, 2022, and May 5, 2022.

23. On information and belief, Defendant called Plaintiff additional times after receiving the letter in an attempt to collect the alleged debt.

24. These were communications sent in connection with the collection of a debt.

25. 15 U.S.C. § 1692c(a)(2) of the FDCPA provides in relevant part follows:

> Communication in connection with debt collection
>
> Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt—
>
> *******
>
> c) Ceasing communication
> If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt

26. Defendant violated 15 U.S.C. § 1692c(c) of the FDCPA when it contacted Plaintiff after it had been informed in writing to stop.

27. Section 1692f of the FDCPA provides in relevant part:

> Unfair practices
>
> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

28. The Defendant violated 15 U.S.C. § 1692f of the FDCPA when it contacted Plaintiff after he demanded that it cease contact, since this was an unfair and unconscionable means to attempt to collect the debt.

29. As a result of the Defendant's violations of the FDCPA, Plaintiff is entitled to an award of actual damages, statutory damages, costs and reasonable attorney fees.

## COUNT I-FAIR DEBT COLLECTION PRACTICES ACT

30. Plaintiff repeats, realleges and incorporates by reference the foregoing paragraphs.

5

31. Defendant violated 15 U.S.C. § 1692c(c) of the FDCPA when it contacted Plaintiff after it had been informed in writing to stop.

32. The Defendant violated 15 U.S.C. § 1692f of the FDCPA when it contacted Plaintiff after he demanded that it cease contact, since this was an unfair and unconscionable means to attempt to collect the debt.

33. Plaintiff suffered actual damages due to emotional distress caused by Defendant's contact with Plaintiff after it had been notified that Plaintiff was represented by counsel.

## COUNT II-ILLINOIS COLLECTION AGENCY ACT

34. Plaintiff repeats, realleges and incorporates by reference the foregoing paragraphs.

35. Defendant contacted Plaintiff directly, when it knew that he had demanded that it cease, in violation of 225 ILCS 425/9(a)(29), and 225 ILCS 425/9(a)(35) of the Illinois Collection Agency Act.

36. Plaintiff was damaged by Defendant's illegal actions due to the calls and the stress caused by Defendant's contacts with Plaintiff when Defendant should have contacted Plaintiff's attorneys instead.

WHEREFORE, Plaintiff asks that the Court enter judgment in Plaintiff's favor and against Defendant as follows:

  A. Actual damages pursuant to 15 U.S.C. §1692k(a)(1);

  B. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

  C. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3);

D. Compensatory damages, punitive damages and attorney's fees and costs of this action as allowed under the Illinois Collection Agency Act;

E. Injunctive relief against Defendant; and

F. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Respectfully submitted,

By: /s/ *Bryan Paul Thompson*
One of Plaintiff's Attorneys

Bryan Paul Thompson
Robert W. Harrer
CHICAGO CONSUMER LAW CENTER, P.C.
COOK COUNTY FIRM. ID. 62709
33 N. Dearborn St., Suite 400
Chicago, Illinois 60602
Tel. 312-858-3239
Fax 312-610-5646
bryan.thompson@cclc-law.com
rob.harrer@cclc-law.com

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them.

These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also

take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

By: s/ *Bryan Paul Thompson*
One of Plaintiff's Attorneys

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

By: /s/ *Bryan Paul Thompson*
One of Plaintiff's Attorneys

System Generated Hearing Date: 8/1/2023 9:30 AM
Location: Court Room 1501
Judge: Simon, John A.

Case: 1:22-cv-03790 Document #: 2-1 Filed: 07/22/22 Page 10 of 11 PageID #:16

\* 5 0 1 7 9 1 7 2 \*
FILED
6/8/2022 1:48 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
20221111102
Courtroom, 1501
18211948

# EXHIBIT A

TRANSWORLD SYSTEM INC.  April 5, 2022
500 Virginia Ave.
Suite 514
Fort Washington, PA 19034
(888) 899-6650

**Reference #** ▇▇▇▇▇▇▇


To Whom It May Concern:

I am responding to your collection notice dated 3/29/2022. Effective immediately and pursuant to the **Fair Debt Collection Practices Act,** I am instructing you to **cease and desist** all further contact with me. Thank you.

Sincerely,


ROBERT W. GOLD-SMITH
▇▇▇▇▇▇▇▇▇▇
▇▇▇▇▇▇▇▇▇▇


enc: response form